IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **Adam Woodson**,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Richard Tyler Blevins, Jessica Blevins,<br><br>and<br><br>**Ninja Holdings, LLC**, a Delaware limited liability company.<br><br>　　　　Defendants. | CIVIL ACTION NO: 3:22-cv-68 |

## COMPLAINT

Plaintiff Adam Woodson (hereinafter "Woodson") states the following Complaint against Defendants Richard Tyler Blevins a/k/a "Ninja" and his wife Jessica Blevins (hereinafter collectively "the Blevins") and their limited liability company Ninja Holdings, LLC (hereinafter "Ninja Holdings" and with Defendants the Blevins collectively "Defendants"):

### PARTIES

1. Plaintiff Woodson is an Iowa resident having a principal residence in North Liberty, Iowa.

2. Upon information and belief, Defendants Richard Tyler and Jessica Blevins now reside in Miramar Beach, Florida and have an address of 495 Grand Blvd., Suite 206-#666 Miramar Beach, Florida 32550, based on filings with the Florida Secretary of State.

3. Upon information and belief, Defendants Richard Tyler and Jessica Blevins, also or concurrently, maintain a residence in Chicago, Illinois and have an address of 1016 West

1

Jackson Blvd Suite 400 Chicago, Illinois 60607, based on filings with the Illinois Secretary of State.

4. Upon information and belief, Defendant Ninja Holdings, LLC is a Delaware limited liability company having a listed business address of 495 Grand Blvd., Suite 206-#666 Miramar Beach, Florida 32550 which has adopted the name Ninja Management Holdings, LLC for doing business in Florida based on filings with the Florida Secretary of State.

5. Upon information and belief, C.T. Corporation System is the registered agent for Ninja Holdings and has an office address of 1200 South Pine Island Road Plantation, Florida 33324 Florida based on filings with the Florida Secretary of State.

6. Upon information and belief, Defendant Ninja Holdings was formed to own and control commercialization of the various intellectual properties, likeness and brands promoted by the Blevins and "Ninja" related to gaming, livestreaming gaming events, and assorted merchandise available for sale to Ninja's fans.

7. Upon information and belief, Defendant the Blevins are believed to be the sole owners of and control the Defendant Ninja Holdings.

## JURISDICTION AND VENUE

8. This is a civil action arising primarily under the Copyright Act, 17 U.S.C § 101, *et seq.*, for copyright infringement.

9. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1338 (general jurisdiction for copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

10. This Court has personal jurisdiction over Defendants the Blevins under Iowa Code 617.3 (the "Iowa Long Arm Statute") because they conduct or have conducted business in

this District, because they have established systematic and continuous activity in this District and because they have committed acts of copyright infringement in this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Plaintiff Woodson resides in this District and pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## RELEVANT FACTS

12.     Plaintiff Woodson is a graphic artist who designs and produces various logos and other artistic works.

13.     Plaintiff Woodson and Defendant Richard Tyler Blevins met in Des Moines, Iowa at a Halo video game tournament on or around March 23, 2011 and developed a friendship over a shared interest in video games.

14.     On or around September 10, 2015 Defendant Richard Tyler Blevins and Plaintiff Woodson, via numerous electronic messages and video chat, discussed creation of an emoticon for Ninja gaming activities, as evidenced by **Exhibit A.** At that time Woodson created a graphic logo for Defendant Richard Tyler Blevins's personal use. The final version of the emoticon (the "PonPon Logo") has been included as **Exhibit B** to this complaint.

15.     The PonPon Logo constitutes original material that is copyrightable as work of the visual art under the Copyright Act pursuant to 17 U.S.C. § 101.

16.     At no time did Plaintiff Woodson enter into a written agreement to agree to assign, transfer or license the PonPon Logo to Defendant Richard Tyler Blevins, Defendants the Blevins, or Defendant Ninja Holdings.

17.     Plaintiff Woodson therefore is the sole owner of the exclusive rights to the copyright in the PonPon Logo, including the right to reproduce the work and to prepare derivatives pursuant to 17 U.S.C. § 106.

18.     Plaintiff Woodson created the PonPon Logo exclusively for Defendant Richard Tyler Blevins's personal use only, and Plaintiff Woodson has not provided any license or permission to use the PonPon Logo for use on merchandise or with Defendants the Blevins's and/or Ninja Holdings advertising and promotion of Ninja and live-stream gaming through Defendant Ninja Holdings.

19.     The USCO approved the copyright application for the PonPon Logo and registration issued thereon as Copyright Reg. No. VA 2-172-509 with an effective date of October 4, 2019 (the "Registration"). A copy of the Registration is included with this Complaint as **Exhibit C**.

20.     Defendants' copyright infringement includes but is not limited to at least the following acts:

a.     Defendants created copies of the PonPon Logo without permission from Plaintiff in violation of Plaintiff Woodson's exclusive rights under 17 U.S.C. § 106(1);

b.     Defendants used the PonPon Logo to prepare derivative works, namely the merchandise sold by Defendant's the Blevins and Defendant Ninja Holdings, without permission from Plaintiff Woodson in violation of Plaintiff Woodson's exclusive rights under 17 U.S.C. § 106(2) as supported by **Exhibits D and E**;

c.     Defendants distributed copies of the PonPon Logo to third parties without permission from Plaintiff Woodson in violation of Plaintiff Woodson's exclusive rights under 17 U.S.C. § 106(3) as supported by **Exhibits D and E**; and

    d.  Defendants used the PonPon Logo, and Defendants' unlawfully created derivative works, the Defendants' version of the PonPon Logo, as supported **by Exhibits D and E**, without permission from Plaintiff Woodson in violation of Plaintiff Woodson's exclusive rights under 17 U.S.C. § 106(2).

21. Defendants' acts of copyright infringement have caused, and continue to cause, irreparable harm to Plaintiff Woodson's business and ability to retain control over his copyrightable expressions, including the threat of further acts of infringement in the form of further derivative works.

## COUNT I

### Copyright Infringement
### (17 U.S.C. § 501)

22. Plaintiff repeats and re-alleges each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. Defendants' illicit copying of the PonPon Logo and preparation of the unlawful derivative works based thereon, namely the Defendants' version of the PonPon Logo, for use on and with merchandise and advertising/promotional materials, constitute copyright infringement pursuant to 17 U.S.C. § 501.

24. Defendants' acts of infringement have caused pecuniary loss to Plaintiff in the form of lost profits.

25. Defendants are each jointly and severally liable for Plaintiff's actual damages, including lost profits and all of Defendants' profits attributable to the acts of infringement pursuant to 17 U.S.C. § 504(a)-(b).

26. Defendants' possession of the PonPon Logo threatens Plaintiff's exclusive right to prepare further derivative works therefrom, and monetary damages are insufficient to prevent

Plaintiff from suffering immediate and irreparable harm due to the continuing threat of ongoing infringement by Defendants for which Plaintiff has no adequate remedy at law.

27. Pursuant to Fed. R. Civ. P. 65 and 17 U.S.C. § 502, Plaintiff seeks preliminary and permanent injunctions enjoining Defendants from their ongoing acts of copyright infringement of the PonPon Logo.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(1) A preliminary injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries, and assigns from:

(a) making copies of the PonPon Logo or the Defendants' unlawful derivative version of the PonPon Logo;

(b) preparing derivative works based on the PonPon Logo, including but not limited to the unlawful derivative PonPon Logo, for use on merchandise, advertising and promotional materials;

(c) distributing or selling copies of the PonPon Logo or Defendants' unlawful derivative version of the PonPon Logo; and

(d) acting through any third party to undertake any of the above acts of infringement.

(2) An order directing Defendants to return to Plaintiff, or to destroy, all copies of the PonPon Logo and unlawful derivative PonPon Logo, whether digital or physical;

(3) An order directing Defendants to file with the Court, with service upon Plaintiff's counsel within thirty (30) days, after entry of such order a verified report setting

forth the manner and form in which Defendants have complied with the preliminary and permanent injunctions and the orders of specific relief;

  (4) An order awarding Plaintiff all damages sustained under 17 U.S.C. § 504(a)-(b) in an amount to be proven at trial including lost profits and profits of Defendants attributable to the acts of infringement;

  (5) An order awarding pre-and post-judgment interest;

  (6) A trial by jury; and

  (7) All other relief to which Plaintiff may be entitled or the Court may deem appropriate.

         Respectfully submitted,

         */s/ Jay R. Hamilton*

         _____
         Jay R. Hamilton
         Hamilton IP Law, PC
         4620 East 53rd Street
         Davenport, IA 52807
         P: 563-441-0207
         Email: jay@hamiltoniplaw.com

         ATTORNEY FOR PLAINTIFF
         Adam Woodson